IN THE SUPERIOR COURT OF GUAM

PERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CM0076-25** |
| | GPD Report Nos. 25-04949 / 25-04951 |
| v. | |
| | **DECISION AND ORDER** |
| **JAZMIN EILEEN RIVERA,** | **DENYING** |
| DOB: 07/29/2005 | **DEFENDANT'S MOTION TO DISMISS** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on April 29, 2026 for hearing on Jazmin Eileen Rivera's ("Defendant's") Motion to Dismiss ("Motion"). Assistant Attorney General Lucas Wood represents the People, and Attorney Le Roi Enriquez represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

## BACKGROUND

Defendant is charged with two counts of Assault (as a Misdemeanor) and one count of Disorderly Conduct (as a Petty Misdemeanor). See Magistrate's Complaint (Feb. 25, 2025). The charges stem from allegations that Defendant and Ricky Mike Camp ("Ricky") entered into a heated argument outside a club in Tumon. Id. During the argument, Ricky began violently shoving Defendant. Id. Gin Resun and Ginane Resun (collectively "the Victims") intervened to help Defendant and stop the argument. Id. However, Defendant and Ricky began punching the Victims. Id.

On April 3, 2026, Defendant filed her Motion to Dismiss. Defendant claims the charges against her should be dismissed for lack of probable cause and asserts the affirmative defense of self-defense. See Motion at 2-5 (Apr. 3, 2026). In a signed declaration supporting her Motion, Defendant claims the Victims approached Ricky and became physical with him. See Declaration of Defendant in Support of Motion (Apr. 3, 2026). Defendant claims the Victims began attacking her when she tried to defuse the situation, forcing her to defend herself. Id. Therefore, Defendant

Decision and Order Denying Defendant's Motion to Dismiss
CM0076-25, *People of Guam v. Jazmin Eileen Rivera*
Page 1 of 4

claims there is no probable cause supporting the charges against her and that they should be dismissed because her actions were justified by self-defense. See Motion at 3-5 (Apr. 3, 2026).

On April 29, 2026, the People filed their Opposition to Defendant's Motion ("Opposition"). The People claim the Magistrate's Complaint is supported by probable cause to believe that Defendant committed the crimes charged. See Opposition at 2-3 (Apr. 29, 2026). Furthermore, the People claim Defendant's Motion improperly asks the Court to resolve factual disputes concerning her self-defense claim. Id. at 3.

The Court held a hearing on April 29, 2026. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

**I.    The legal standard to dismiss a complaint is lack of probable cause.**

A complaint and the affidavits filed therewith must show "probable cause to believe that an offense has been committed and that the defendant has committed it." See 8 G.C.A. § 15.20. However, the court must dismiss any charges "if from the evidence it appears that there is no probable cause to believe that an offense has been committed or that the defendant committed it." See 8 G.C.A. § 45.80.

Probable cause amounts to "such a state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a strong suspicion of the guilt of the accused." See *Guam v. San Nicolas*, 2013 Guam 21, n.5. Probable cause "is not a high bar", and probable cause decisions are "hard to undermine, and still harder to reverse." See *Kaley v. U.S.*, 571 U.S. 320, 338-339 (2014).

**II.   The Magistrate's Complaint is supported by probable cause to believe that Defendant committed the crimes charged.**

To charge Defendant with Assault (as a Misdemeanor), the People must establish probable cause to believe that Defendant:

- In Guam;

- Did recklessly;

- Cause or attempt to cause bodily injury to another.

Decision and Order Denying Defendant's Motion to Dismiss
CM0076-25, *People of Guam v. Jazmin Eileen Rivera*
Page 2 of 4

See 9 G.C.A. § 19.30(a)(1).

To charge Defendant with Disorderly Conduct (as a Petty Misdemeanor), the People must establish probable cause to believe that Defendant:

- In Guam;

- Did recklessly;

- Create a risk of public inconvenience, annoyance, or alarm;

- By engaging in fighting or threatening, or in violent and tumultuous behavior.

See 9 G.C.A. § 61.15(a)(1).

Here, the affidavit accompanying the Magistrate's Complaint establishes probable cause to believe that Defendant committed Assault (as a Misdemeanor) against the Victims and engaged in Disorderly Conduct (as a Petty Misdemeanor). The affidavit alleges that multiple witnesses reported Defendant aggressively punching the Victims and pulling their hair after the Victims tried to defuse a physical altercation between Defendant and Ricky. See Magistrate's Complaint (Feb. 25, 2025). Id. These facts would lead a man of ordinary caution or prudence to believe that Defendant was recklessly causing or attempting to cause bodily injury to the Victims. These facts would also lead a man of ordinary caution or prudence to believe that Defendant was recklessly creating a risk of public inconvenience, annoyance, or alarm, by engaging in fighting or in violent and tumultuous behavior.

**III.    Defendant's Motion improperly asks the Court to resolve factual disputes concerning her self-defense claim, which should instead be left to the trier of fact.**

The crux of Defendant's Motion is that her alleged actions were justified by self-defense so there is no probable cause supporting the charges against her. See Motion at 3-5 (Apr. 3, 2026). However, in making that argument, Defendant asks the Court to resolve a factual dispute of whether the circumstances surrounding her actions support her self-defense claim.

The probable cause test in a motion to dismiss turns on the legal sufficiency of the charges rather than a general determination of guilt or innocence. "A Rule 12(b) motion to dismiss is not the proper way to raise a factual defense" because that would "invade the province of the ultimate finder of fact" which is the jury. See *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993).

Decision and Order Denying Defendant's Motion to Dismiss
CM0076-25, *People of Guam v. Jazmin Eileen Rivera*
Page 3 of 4

As previously indicated, the allegations supporting the Magistrate's Complaint establish probable cause to believe that Defendant committed the crimes charged. Defendant's signed declaration does not negate or undue this fact. Defendant is free to establish a self-defense claim during trial by cross-examining the witnesses and testifying on her behalf. The jury, as factfinders, can then give the testimony any weight it deserves in choosing whether to convict Defendant or not. However, Defendant's Motion prematurely and improperly raises her self-defense claim because the Court is not allowed to act as the jury and resolve factual disputes in a Rule 12(b) motion to dismiss.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. The Magistrate's Complaint is supported by probable cause to believe that Defendant committed the crimes charged. Furthermore, Defendant's self-defense claim is premature and should instead be made at trial because it involves a factual determination left to the trier of fact.

**IT IS SO ORDERED** this ___ JUL 28 2026 ___.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion to Dismiss
CM0076-25, *People of Guam v. Jazmin Eileen Rivera*
Page 4 of 4